M. VAN SMITH
State Bar No. 32007
1696 Mendenhall Drive
San Jose, California 95130
Telephone (408) 364-1062
Attorney for Plaintiff,
BERRY LYNN ADAMS




ADR

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

BERRY LYNN ADAMS,
Plaintiff,

vs.

DANIEL L. KRAFT, a State of California Park Ranger, PHILLIP HAUCK, a State of California Park Ranger, KIRK LINGENFELTER, a State of California Park Ranger Superintendent, GREG INLOES, an individual, K. P. BEST, a State of California Park Ranger Sergeant, J. I. STONE, a State of California Park Ranger, CHIP BOCKMAN, a State of California Park Ranger, R. CALLISON, a State of California Park Ranger, SCOTT SIPES, a State of California Park Ranger, STATE OF CALIFORNIA,
Defendants.

Case No. C10-00602 HRL

COMPLAINT FOR DAMAGES:
1. Civil Right Violation
2. Civil Right Violation
3. False Arrest
4. Battery
5. Bane Act Violation
6. Civil Right Violation
7. Bane Act Violation

PLAINTIFF REQUESTS A TRIAL BY JURY

JURISDICTION AND VENUE

1. Plaintiff alleges a civil action under the Civil Rights Act of 1871, as amended, 42 U.S.C. §§ 1983, 1985, 1986, and 1988. The Civil Rights Act of 1871, as amended authorizes United States District Courts to hear civil actions brought under the act. Because the State Law claims alleged herein arise out of the same facts as the federal claims alleged herein, this court has pendent jurisdiction over the State Law Claims alleged herein.

2. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)(2) because the claims alleged herein arose within said district. .

INTRADISTRICT VENUE

3. The claims alleged herein arose in the County of Santa Cruz , State of California. Plaintiff was injured in Santa Cruz County, State of California. Claims for damages under California Civil Code § 52.1, are to be brought in the county in which the violation occurred. As more fully alleged below, violations of California Civil Code § 52.1 occurred in the County of Santa Cruz.

FACTS COMMON TO ALL CLAIMS

4. Plaintiff is a resident of the City of Aptos, California. He has been surf fishing at Seacliff State Park for 30 years. Plaintiff is one of a number of persons who fished at Seacliff State Park beach. Because of the many years of experience and skill of Plaintiff, he has become recognized as an expert in surf fishing, has taught many persons how to surf fish, and has become an unofficial spokesman for a group of persons who fished at Seacliff State Park.

5. When the Seacliff Park was patrolled by the Sheriff's Office of Santa Cruz, the sheriff's deputies were able to patrol the park effectively without being overbearing.

6. Around 1985, the park began to be patrolled by State Park Rangers, employed by the State of California. The State Park Rangers became officious and overbearing. Plaintiff came to believe that the Park Rangers were motivated to catch persons in violation of regulations to justify their salaries expensive housing to support the claim by the Department of Parks of California that the crime had increased in the

Seacliff and Newbrighton State Parks, as it claimed crime had increased in other Sate Parks that were close to urban areas. It appeared to Plaintiff that the State Park Rangers considered him and the others who regularly fished or frequented these areas, referred to as locals, as criminals, as a way to justify the expense of their acting as peace officers.

7. On Monday, June 22, 2009, Plaintiff had a television interview with Claudia Otero of KCBA Fox 35 TV, news at 10:00 p.m. The interview concerned the proposal by the governor to close some of the State Parks because of the lack of funding. During the interview, Plaintiff stated that they did not need the State Park Rangers, that the State could save the expense of housing and paying the State Park Rangers by having the State Parks patrolled by the Sheriff's deputies of the County of Santa Cruz, as it had been in the past. After the interview, Plaintiff went to the pier at Seacliff State Park. He told his friends who were there that the interview would be on television that evening.

8. While Plaintiff was on the pier on June 22, 2009, Plaintiff saw GREG INLOES. GREG INLOES in years past had been a friend of Plaintiff. But in recent years Plaintiff did not want to be associated with him. GREG INLOES used drugs, either for medical treatment or otherwise, and had become increasingly irrational and offensive in his behavior. GREG INLOES had contacted the Western Outdoor News and informed a writer that Plaintiff had caught a fish with a lure that Plaintiff had devised. When Plaintiff saw GREG INLOES on the pier, he told him that he did not want GREG INLOES to put his name in the Western Outdoor News. There was a loud argument between Plaintiff and GREG INLOES. Plaintiff told GREG INLOES that he would sue him if put his name in the Western Outdoor News again.

9. On June 24, 2009, GREG INLOES complained to State Park Ranger DANIEL L. KRAFT that on Monday, June 22, 2009, Plaintiff had threatened to put him in the intensive care unit if he continued to write for the Western Outdoor News about the pier at Seacliff State Park. State Park Ranger DANIEL L. KRAFT requested that

GREG INLOES provide a statement about the threat. GREG INLOES wrote a nine-page statement.

10. State Parks Rangers DANIEL L. KRAFT and PHILLIP HAUCK did not Investigate the complaint by GREG INLOES that Plaintiff made a criminal threat of physical injury against him in violation of Penal Code §422. In establishing probable cause, officers may not solely rely on the claim of a citizen witness that is the victim of a crime, but must independently investigate the basis of the knowledge or interview other witnesses. *Fuller v. M. G. Jewelry* (9th Cir. 1991) 950 F.2d. 752, *Hopkins v. Bonvicino* (9th Cir. 2009) 573 F.3d 752.

11. On June 24, 2009, State Park Rangers DANIEL L. KRAFT, PHILLIP HAUCK, J. I. STONE, SCOTT SIPES, and CHIP BOCKMAN came to the pier at Seacliff State Beach where Plaintiff was fishing. State Park Ranger PHILLIP HAUCK came up to Plaintiff and asked Plaintiff to come with them because they wanted to talk to him. Plaintiff informed the State Park Rangers that he did not want to accompany them and that they could speak to him in front of those who were present. Before the State Park Rangers seized Plaintiff for a felony in violation of Penal Code §422, they did not ask Plaintiff if he had threatened GREG INLOES with physical harm; they stated only that Plaintiff was being arrested for having made a criminal threat. Plaintiff asked when this was supposed to have taken place. They said it was on Monday. Plaintiff asked the State Park Rangers to talk to persons who had been there on Monday. None of the State Park Rangers asked any of the persons who were there if they knew whether Plaintiff had threatened GREG INLOES.

12. Had State Park Rangers DANIEL L. KRAFT, PHILLIP HAUCK , J. I. STONE, SCOTT SIPES, or CHIP BOCKMAN investigated the complaint of GREG INLOES, they would have known that there were witnesses who would have stated that Plaintiff did not threaten GREG INLOES with physical harm. Gavin Nelson was fishing on a bench near to where GREG INLOES and Plaintiff were arguing. Gavin Nelson heard Plaintiff say he would sue GREG INLOES. After the argument, Plaintiff left the

pier. GREG INLOES came over to Gavin Nelson and said that Plaintiff had threatened his life. Gavin Nelson told GREG INLOES that he did not believe it because he had not heard that. Gavin Nelson also knew that GREG INLOES was given to exaggeration and fabrication from other things that GREG INLOES had said, such as having been a football player in the National Football League.

13. Another person who overheard the argument between Plaintiff and GREG INLOES was Lazaro Rodriguez. Lazaro Rodriguuez heard Plaintiff say that he would sue GREG INLOES if he put his name in the paper, but did not hear any threats of physical harm by Plaintiff against GREG INLOES.

14. Had DANIEL L. KRAFT, PHILLIP HAUCK, J. I. STONE, State Park Ranger Sergeant K. P. BEST, SCOTT SIPES, or CHIP BOCKMAN investigated the complaint of GREG INLOES , they would have known that the above witnesses stated that Plaintiff had not threatened GREG INLOES with physical harm, as required by Penal Code §422, and that GREG INLOES was an unreliable complainant. However, State Park Rangers DANIEL L. KRAFT, PHILLIP HAUCK, J. I. STONE, SCOTT SIPES, CHIP BOCKMAN , State Park Ranger Sergeant K. P. BEST, and State Park Superintendent KIRK LINGENFELTER intentionally did not investigate the complaint of GREG INLOES because they had agreed between themselves and with GREG INLOES to have Plaintiff charged with a felony in violation of Penal Code §422 of the Penal Code as pretext to have Plaintiff restrained from coming to Seacliff State Park to prevent Plaintiff from speaking about the right of persons fishing from the Pier not to have their fishing interfered with.

15. This agreement between GREG INLOES and State Park Rangers DANIEL L. KRAFT, PHILLIP HAUCK, J. I. STONE, SCOTT SIPES, CHIP BOCKMAN, State Park Ranger Sergeant K. P. BEST, and State Park Superintendent KIRK LINGENFELTER is evident from the suppression by the State Park Rangers in *People v. Berry Lynn Adams*, Case No. M49450, of the nine-page statement that GREG INLOES gave to State Park Ranger DANIEL L. KRAFT. The State Park

Rangers did not provide the statement to the District Attorney of Santa Cruz County and the statement was not produced in discovery. The existence of the statement was discovered by the defense attorney for Plaintiff during the trial of Plaintiff when State Park Ranger DANIEL L. KRAFT was being cross-examined. The suppression of this statement by the State Park Rangers was one of the grounds on which Santa Cruz County Superior Court Judge Jeffrey Almquist based his decision to dismiss the criminal charges against Plaintiff.

16. The suppressed statement revealed that the threat that GREG INLOES claimed Plaintiff had made did not violate Penal Code §422. A criminal threat in violation of Penal Code §422 requires that the threat be, "so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety." GREG INLOES claimed that the Plaintiff had said he would put him in the intensive care unit if GREG INLOES did not stop writing for the Western Outdoor News about the Seacliff State Park pier–"Keep it up and two things are going to happen. You are going to get fucked up I.C.U. and I'm going to jail." The Western Outdoor News was published weekly. Moreover, GREG INLOES was not a writer for Western Outdoor News. Even assuming what GREG INLOES stated was truthful, there was no threat with an immediate prospect of execution. State Park Rangers DANIEL L. KRAFT and PHILLIP HAUCK , J. I. STONE, SCOTT SIPES, CHIP BOCKMAN , State Park Ranger Sergeant K. P. BEST, and State Park Superintendent KIRK LINGENFELTER knew from the accusation of GREG INLOES that Plaintiff had not violated Penal Code §422.

17. In the suppressed statement , GREG INLOES also stated that Plaintiff had said that he was "King of the pier," and that Plaintiff had stated on television that State Park Rangers need to be terminated, referring to the television interview that Plaintiff had on June 22, 2009. GREG INLOES also stated, "I am asking the District Attorney's Office to place a restraining order on a dangerous, psychotic, drug crazed

individual who will only become a bigger threat each year as proved by his action to the public, law enforcement, and ultimately myself as I fully [sic] intent to assist all agencies related." This request for a restraining order was repeated in letters alleged below of State Park Ranger DANIEL L. KRAFT and Sate Park Superintendent KIRK LINGENFELTER.

18. State Park Ranger DANIEL L. KRAFT wrote a letter dated June 25, 2009, to the Office of the District Attorney of Santa Cruz County. The letter stated in part, "Based on numerous reports, Berry Adams has become an intimidating presence on the pier at Seacliff Sate Beach. He has made a habit of accosting perfect strangers and acquaintances and has stated that he feels he 'owns the pier' and controls it."

19. State Park Superintendent KIRK LINGENFELTER wrote a letter dated July 23, 2009, to the Office of the District Attorney of the County of Santa Cruz. The letter repeated the request for a restraining order stated in the suppressed statement of GREG INLOES, stating in part: "On five documented occasions Berry Adams has created a public disturbance at Seacliff State Beach and has created an atmosphere of intimidation and discomfort to the visiting public. Multiple reporting parties over the last two months have contacted our dispatch center to report the disturbances created by Berry Adams. The responding State Park Peace Officers have expended many staff hours addressing the disturbances, interviewing witnesses and investigation the reports. One recent reported disturbance by Berry Adams resulted in the arrest for P.C. 422 and PC 148(a)1. [¶] I have also spent time on the phone with Berry Adams who was lodging complaints about State Park Peace Officers responding to public complaints I found to be baseless after interviewing staff. Berry Adams is not only creating an intolerable environment of disturbance for the visiting public at Seacliff State Beach but consuming valuable time for my peace officer staff and myself. I believe the disturbances created by Berry Adams will continue based on his past behavior and believe it is necessary to establish a stay away order to eliminate the ongoing drain of public resources."

20. In claiming that there had been complaints of others of the conduct of

Plaintiff, the letter of State Park Superintendent KIRK LINGENFELTER was false in implying that the complaints of others were valid. The letter of State Park Superintendent KIRK LINGENFELTER also referred to legitimate complaints that Plaintiff had made. The complaints are further evidence of the conspiracy alleged herein to have Plaintiff charged with a criminal threat in violation of §422 of the Penal Code as a way to restrain him from coming to the Seacliff State Beach and speak about the right of persons fishing from the pier.

21. One complaint that Plaintiff made arose from an incident that occurred on February 15, 2008, when State Park Ranger Sergeant K. P. BEST came out to the public parking lot and cited Plaintiff for having an open container of alcohol. At the time he issued the citation, State Park Ranger Sergeant K. P. BEST commented that Plaintiff and the others who were present were "all a bunch of criminals." Plaintiff complained that he had not been drinking an alcoholic beverage, that he did not drink alcoholic beverages, and he would bring in a number of witnesses if necessary. The citation was later rescinded, but Plaintiff's complainant was a source of resentment by State Park Ranger Sergeant K. P. BEST and the State Park Rangers.

22. On about June 15, 2008, State Park Ranger DANIEL L. KRAFT and another State Park Ranger walked into the ocean in his uniform to check on the backpack of Plaintiff. The State Park Rangers stated they were looking for fish. State Park Ranger DANIEL L. KRAFT said to Plaintiff, "My boss has not forgotten you."

23. Another complaint by Plaintiff occurred on July 8, 2008, when Park Ranger J. I. STONE issued Plaintiff a parking ticket for $44 for parking after the park was closed. It was the custom to announce when the park was closed. However, on July 8, 2008, the closing of the park had not been announced. There were several other vehicles in the parking lot, but the Park Ranger did not issue tickets to any other vehicles, even though Plaintiff asked why other no other vehicles were given parking citations. When Plaintiff asked the park ranger why he did not warn him, the park ranger told him that if he did not shut up, he would make the ticket for more. State

Park Ranger J. I. STONE said that the locals were the worst offenders and needed to be taught a lesson. Plaintiff complained to State Park Superintendent KIRK LINGENFELTER. State Park Superintendent KIRK LINGENFELTER did nothing to prevent selective enforcement of the law. If a peace officers single out a group or member of a group for arrest and prosecution with the intent to punish the defendants for membership in the group rather than simply for violation of the law, the prosecution is arbitrary and lacks a legitimate law enforcement purpose. *Baluyut v. Superior Court* (1996) 12 Cal.4th 826. Plaintiff was singled out because he was a "local."

24. Another conflict with State Park Rangers was the junior lifeguard program starting on June 7 through August 13, 2008. The State Lifeguard Rangers encouraged the children to swim around the pier and cement ship through fishing lines. The State Lifeguard Rangers also encouraged the junior life guards to jump off the pier despite the warnings of Plaintiff and other persons fishing that the water was too shallow and there was debris form the cement ship, such as rebar, chin link fencing, and chunks of cement. The Park Rangers resented the advice.

25. Another incident between Plaintiff and the State Park Rangers occurred on May 12, 2009, when State Park Ranger J. I. STONE and State Park Ranger Burgen confronted Plaintiff on the pier at Seacliff State Park and accused Plaintiff of having injured a sea bird. Plaintiff and others who were present stated that this was not true. State Park Ranger J. I. STONE stated that Plaintiff and the others present were liars and that they did not have any witnesses. The State Park Rangers then left. This incident occurred because the State Park Rangers claimed to have received a complaint that Plaintiff had shouted at a person not to interfere with fishing, but the person who complained did not want to make a complaint. Had it not been for the witnesses who stated that Plaintiff had not injured a sea bird, the State Park Rangers would have arrested Plaintiff on the false charge that he had injured a sea bird.

26. When State Park Rangers DANIEL L. KRAFT and PHILLIP HAUCK seized Plaintiff on June 24, 2009, they used excessive force. When State Park Ranger

PHILLIP HAUCK stated that Plaintiff was under arrest, Plaintiff had a bag of potato chips in his hand. He put the bag of potato chips on the ground. State Park Ranger PHILLIP HAUCK kicked the right hand and wrist of Plaintiff as he put the potato chips on the ground. This caused an injury to Plaintiff's wrist and hand. The State Park Rangers denied that State Park Ranger PHILLIP HAUCK kicked Plaintiff, but a video taken by a bystander shows that State Park Ranger PHILLIP HAUCK kicked Plaintiff.

27. After Plaintiff was kicked, he raised up and asked why the hell they had done that. State Park Ranger DANIEL L. KRAFT grabbed Plaintiff's left arm and forced his arm in a hold to the upper back of Plaintiff. State Park Ranger DANIEL L. KRAFT later claimed that he had to force the arm up behind his back because Plaintiff had resisted an order to put his hand above his heard. However, there was no request of Plaintiff to put his hands above his head, nor would the force have been justified if there had been such a request.

28. A peace officer who uses unreasonable or excessive force In making a lawful arrest commits a battery upon the person being arrested as to such excessive force. *Edson v. City of Anaheim* (1998) 63 Cal.App.4th 1269, 1271. State Park Rangers DANIEL L. KRAFT and PHILLIP HAUCK committed a battery on Plaintiff.

29. State Park Rangers DANIEL L. KRAFT and PHILLIP HAUCK arrested Plaintiff for resisting arrest in violation of Penal Code §148(a)(1). This was a false arrest. Plaintiff did not resist an order to put his hands above his head. Furthermore, Plaintiff did not resist arrest by Plaintiff's vociferously questioning why he was being arrested. The charge of resisting arrest was dismissed by County of Santa Cruz Superior Court Judge Almquist on a motion for nonsuit.

30. In California the lawfulness of an officer's conduct is an essential element of the offense of resisting, delaying or obstructing a peace officer. If a peace officer is not lawfully performing his or her duties at the time of the arrest, the arrest is unlawful and the arrestee cannot be convicted under Penal Code §148, subdivision (a). *Smith v. City of Hemet* (9th Cir. 2005) 394 F.3d 689, 695. State Park Rangers DANIEL L.

KRAFT, PHILLIP HAUCK, State Park Ranger Sergeant K. P. BEST, and State Park Superintendent KIRK LINGENFELTER unlawfully arrested Plaintiff for a violation of §422 of the Penal Code. This is an additional reason why Plaintiff did not violate Penal Code §148, subdivision (a).

31. State Park Rangers DANIEL L. KRAFT and PHILLIP HAUCK arrested Plaintiff for disturbing the peace in violation of Penal Code §415. This was a false arrest. The loud protest that Plaintiff made when he was arrested did not violate Penal Code §415. The charge of disturbing the peace was dismissed by County of Santa Cruz Superior Court Judge Almquist on a motion for nonsuit.

32. State Park Rangers DANIEL L. KRAFT, PHILLIP HAUCK, State Park Ranger Sergeant K. P. BEST, and State Park Superintendent KIRK LINGENFELTER knew from the statement of GREG INLOES that the threat was conditioned on his continuing to write for the Western Outdoor News about the pier at Seacliff State Park that Plaintiff had not violated Penal Code §422. Nevertheless, they reported to the District Attorney of Santa Cruz County that Plaintiff had violated Penal Code §422. In making this false report to the District Attorney of Santa Cruz County, they violated Penal Code §148.5 (a), which provided, "Every person who reports to any peace officer listed in Section 830.1 or 830.2, or subdivision (a) of Section 830.33, the Attorney General, or a deputy attorney general, or a district attorney, or a deputy district attorney that a felony or misdemeanor has been committed, knowing the report to be false, is guilty of a misdemeanor." As a result of their false report to the District Attorney of Santa Cruz County, Plaintiff was charged with a misdemeanor in violation of Penal Code §422. This charge was dismissed by Santa Cruz Superior Court Judge Almquist on a motion for nonsuit.

33. On July 31, 2009, Plaintiff and others were fishing off the Seacliff State Park pier. A person on the shore cast his fishing line over the lines of the persons fishing off the pier. The law of fishing is that one does not interfere with the fishing of another person. The person who cast his fishing line over the lines of those persons

rights of Plaintiff. Plaintiff did not violate Penal Code §415 (2), which provided that a person commits a misdemeanor: "Any person who maliciously and willfully disturbs another person by loud and unreasonable noise." Plaintiff did not maliciously and wilfully disturb another person by requesting that officers enforce the law. The arrest on this ground was also unlawful in that it did not take place in the presence of the arresting State Park Rangers.

FIRST CLAIM

VIOLATION OF CIVIL RIGHTS

37. Plaintiff incorporates paragraphs number four through number 25. .

38. State Park Rangers DANIEL L. KRAFT, PHILLIP HAUCK , J. I. STONE, SCOTT SIPES, CHIP BOCKMAN , State Park Ranger Sergeant K. P. BEST, and State Park Superintendent KIRK LINGENFELTER, acting in their personal capacity, seized Plaintiff without probable cause in violation of his right against unreasonable seizure.

39. Defendant GREG INLOES conspired with the above Sate Park Rangers to violate the right of Plaintiff against an unreasonable seizure.

40. As a result of the seizure, Plaintiff sustained an injury to his right wrist and hand, Plaintiff was kept handcuffed for hours, Plaintiff was incarcerated, Plaintiff had to post bail of $1,000, and Plaintiff sustained pain, suffering, and mental distress.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them, for actual damages according to proof, for damages for pain, suffering, and mental distress, for punitive damages, for costs of suit, for an injunction against illegal action against Plaintiff, and for such other relief as the Court deems proper.

SECOND CLAIM

VIOLATION OF CIVIL RIGHTS

41. Plaintiff incorporates paragraphs number four through number 26.

42. State Park Rangers DANIEL L. KRAFT and PHILLIP HAUCK, acting in their personal capacity, used excessive force in seizing Plaintiff in violation of his right against unreasonable seizure.

manager or a supervisor of the public agency, is guilty of a misdemeanor * * *. [¶] (c) This section shall not apply to any of the following persons:* * * (2) Any person on the premises who is engaging in activities protected by the California Constitution or the United States Constitution. " When Plaintiff requested that the State Park Lifeguard tell the person fishing on the shore who was interfering with the fishing of the persons who were fishing off the pier to stop it, Plaintiff was requesting that the State Park Lifeguard enforce the law. Fish & Game §2009, subdivision (a), provides: "A person shall not willfully interfere with the participation of any individual in the lawful activity of * * * fishing * * * at the location where that activity is taking place. * * * For purposes of this section, 'interfere with' means any action which physically impedes, hinders, or obstructs * * *." When Plaintiff asked the State Park Lifeguard to enforce the law, he exercised his right of free speech. The test of what constitutes speech is (1) whether the actor intended to convey a particularized message; and (2) whether the conduct was likely to be understood as communication by the observers, given the surrounding circumstances. *James v. City of Long Beach* (1998 C.D. Cal.) 18 F.Supp.2d 1078, 1083, *Spence v. Washington* (1974) 418 U.S. 405, 410-411. Furthermore, Plaintiff did not intimidate the State Park Lifeguard by requesting that they enforce the law because it was their duty to enforce the law or to call Park Rangers to enforce the law.

35. The seizure on July 31, 2009, was also illegal in that the offenses for which Plaintiff was seized did not take place in the presence of State Park Ranger DANIEL L. KRAFT, State Park Ranger Sergeant K. P. BEST, or State Park Ranger R. CALLISON. Penal Code §836(a) provides in part: "A police officer * * * without a warrant, may arrest a person when any of the following circumstances occur: [¶] (a) The officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence." Presence is determined by whether the offense is "apparent to the senses" of the person who makes the arrest. *People v. Sjosten* (1968) 262 Cal.App.2d 539, 543-544.

36. The seizure of Plaintiff for violating Penal Code §415(2) violated the civil

fishing from the pier did not seem to understand the law. Those who were fishing off the pier shouted at the person on shore to remove his line from over their lines. He ignored their shouts. Plaintiff requested the State Park Lifeguard stationed on the lifeguard tower on the pier to ask the person fishing on the beach to move down the beach so as not to interfere with their fishing. After making this request, Plaintiff and the others who had been fishing resumed what they had been doing. In a few minutes, State Park Ranger DANIEL L. KRAFT, State Park Ranger Sergeant K. P. BEST, and State Park Ranger R. CALLISON confronted Plaintiff. State Park DANIEL L. KRAFT informed Plaintiff that he was being ejected from the pier for disturbing the peace and for yelling at the lifeguards. There were witnesses who informed the State Park Rangers that Plaintiff had done nothing, that Plaintiff had not yelled or caused any disturbance. State Park DANIEL L. KRAFT told the witnesses that they were lying and that Plaintiff was not the kind of person they should be hanging out with. State Park DANIEL L. KRAFT, State Park Ranger Sergeant K. P. BEST, and State Park Ranger R. CALLISON ejected Plaintiff. The authority on which these State Park Rangers acted was California Code of Regulations §4300(e), authorizing State Park Rangers to eject persons who violate laws or regulations; Plaintiff was ejected for violating Penal Code §602.1(b), and Penal Code §415 (2). This was a seizure and an arrest, being conduct that restrains a person's liberty such that a reasonable person under the circumstances would not have felt free to disregard the order or behavior of the police. *United States v. Enslin* (9th Cir. 2003) 315 F.3d 1205, 1211. This seizure and arrest of Plaintiff violated the civil rights of Plaintiff.

34. Penal Code § 602.1(b) provides, "Any person who intentionally interferes with any lawful business carried on by the employees of a public agency open to the public, by obstructing or intimidating those attempting to carry on business, or those persons there to transact business with the public agency, and who refuses to leave the premises of the public agency after being requested to leave by the office manager or a supervisor of the public agency, or by a peace officer acting at the request of the office

43. As a result of the seizure, Plaintiff sustained an injury to his right wrist and hand, Plaintiff was handcuffed for hours, Plaintiff was incarcerated, Plaintiff had to post bail of $1,000, and Plaintiff sustained pain, suffering, and mental distress.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them, for actual damages according to proof, for damages for pain and suffering and mental distress, for punitive damages, for costs of suit, for an injunction against illegal action against Plaintiff, and for such other relief as the Court deems proper.

THIRD CLAIM

FALSE ARREST

44. Plaintiff incorporates paragraphs number four through number 27.

45. As a pendent claim, Plaintiff alleges that State Park Rangers DANIEL L. KRAFT, PHILLIP HAUCK , State Park Superintendent KIRK LINGENFELTER, and the STATE OF CALIFORNIA falsely arrested Plaintiff.

46. As a result of the arrest, Plaintiff sustained an injury to his right wrist and hand, Plaintiff was handcuffed for hours, Plaintiff was incarcerated, Plaintiff had to post bail of $1,000, and Plaintiff sustained pain, suffering, and mental distress.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them, for actual damages according to proof, for damages for pain and suffering and mental distress, for punitive damages, for costs of suit, for an injunction against illegal action against Plaintiff, and for such other relief as the court deems proper.

FOURTH CLAIM

BATTERY

47. Plaintiff incorporates paragraphs number four through number 27.

48. As a pendent claim, Plaintiff alleges that State Park Rangers DANIEL L. KRAFT and PHILLIP HAUCK and the STATE OF CALIFORNIA committed a battery on Plaintiff.

49. As a result of the battery, Plaintiff sustained an injury to his right wrist and hand, Plaintiff was handcuffed for hours, Plaintiff was incarcerated, Plaintiff had to

post bail of $1,000, and Plaintiff sustained pain, suffering, and mental distress.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them, for actual damages according to proof, for damages for pain ,suffering, and mental distress, for punitive damages, for costs of suit, for an injunction against illegal action against Plaintiff, and for such other relief as the court deems proper.

FIFTH CLAIM

VIOLATION OF BANE ACT

50. Plaintiff incorporates paragraphs number four through number 27.

51. As a pendent claim, Plaintiff alleges that State Park Rangers DANIEL L. KRAFT, PHILLIP HAUCK, J. I. STONE, SCOTT SIPES, CHIP BOCKMAN , State Park Ranger Sergeant K. P. BEST, State Park Superintendent KIRK LINGENFELTER, and GREG INLOES violated the Bane Act, Civil Code §52.1, by interfering with Plaintiff's rights secured by the Constitution or laws of the State of California by falsely arresting Plaintiff to keep him from speaking about the right of persons fishing from the pier not to have their fishing interfered with, as provided by Fish & Game §2009, subdivision (a), and about the policing by the State Park Rangers of the Seacliff State Park. A violation of the Bane Act can be based on a false arrest. *Gillan v. City of San Mario* (2007) 147 Cal.App.4th 1033, 1050.

WHEREFORE, Plaintiff prays for judgment for actual damages, for attorney's fees provided by the Bane Act, for a civil penalty of $25,000 against each of the Defendant State Park Rangers DANIEL L. KRAFT, PHILLIP HAUCK, J. I. STONE, SCOTT SIPES, CHIP BOCKMAN, State Park Ranger Sergeant K. P. BEST, State Park Superintendent KIRK LINGENFELTER, and GREG INLOES, for punitive damages, for costs of suit, and for such other relief as the Court deems proper.

SIXTH CLAIM

VIOLATION OF CIVIL RIGHTS

52. Plaintiff incorporates paragraphs number 33 through number 36.

53. Acting in their personal capacity, State Park Ranger DANIEL L. KRAFT,

State Park Ranger K. P. BEST, and State Park Ranger R. CALLISON, seized Plaintiff without probable cause in violation of his right against unreasonable seizure.

54. As a result of the unlawful seizure of Plaintiff, Plaintiff suffered pain and mental distress.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them, for actual damages according to proof, for damages for pain and suffering and mental distress, for punitive damages, for costs of suit, for an injunction against illegal action against Plaintiff, and for such other relief as the Court deems proper.

SEVENTH CLAIM

VIOLATION OF BANE ACT

55. Plaintiff incorporates paragraphs number 33 through number 36.

56. As a pendent claim, Plaintiff alleges that State Park Rangers DANIEL L. KRAFT, State Park Ranger Sergeant K. P. BEST, and State Park Ranger R. CALLISON violated the Bane Act, Civil Code §52.1, by interfering with his right of free speech secured by the Constitution or laws of the State of California by falsely arresting Plaintiff to keep him from speaking about the legal right of persons fishing not to have their fishing interfered with, as provided by Fish & Game §2009, subdivision (a). A violation of the Bane Act can be based on a false arrest. *Gillan v. City of San Mario* (2007) 147 Cal.App.4th 1033, 1050.

WHEREFORE, Plaintiff prays for judgment for actual damages, for attorney's fees provided by the Bane Act, for a civil penalty of $25,000 against each of the Defendants State Park Rangers DANIEL L. KRAFT, State Park Ranger K. P. BEST, and State Park Ranger R. CALLISON, for punitive damages, for costs of suit, and for such other relief as the Court deems proper.

//

//

//

//

REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

Dated: February 9, 2010.

M. VAN SMITH
Attorney for Plaintiff