IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Berry Adams, | NO. C 10-00602 JW |
| Plaintiff, | **ORDER RE: DEFENDANT INLOES' LETTER** |
| v. | |
| Daniel Kraft, et al., | |
| Defendants. | |

Presently before the Court is Defendant Greg Inloes' April 15, 2010 letter to the Court. (See Letter from Greg Inloes, hereafter, "Letter," Docket Item No. 30.) Defendant, proceeding *pro se*, seeks to provide notice to the Court that he is unable to participate in the scheduled May 24, 2010 Case Management Conference and is unable to prepare a Case Management Conference Statement for medical reasons. (Id. at 3.) Defendant requests that the Court excuse his anticipated failure to appear at the Conference or otherwise participate in case management. (Id.)

Civil Local Rule 16-9 provides:

> **(a) Joint or Separate Case Management Statement.** Unless otherwise ordered, no later than the date specified in FRCivP 26(f), counsel must file a Joint Case Management Statement addressing all of the topics set forth in the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement . . . . If one or more of the parties is not represented by counsel, the parties may file separate case management statements. If a party is unable, despite reasonable efforts, to obtain the cooperation of another party in the preparation of a joint statement, the complying party may file a separate case management statement, accompanied by a declaration describing the conduct of the uncooperative party which prevented the preparation of a joint statement. Separate statements must also address all of the topics set forth in the Standing Order referenced above.

Here, Defendant represents that he is unable to prepare his own Case Management Statement, has not been able to communicate with Plaintiff's counsel, and cannot appear at the Case Management Conference for medical reasons. (Letter at 3-4.) For good cause shown, the Court will excuse Defendant from attending the May 24, 2010 Conference in person; however, Defendant shall participate in the preparation of the Joint Case Management Statement because he has an obligation to participate and defend this action. Otherwise, Defendant shall be bound by the schedule agreed to by the other parties and approved by the Court. This Order applies only to Defendant's participation in case management, and does not excuse Defendant from meeting the deadlines set in any scheduling orders of the Court and to defense this action.

Dated: May 3, 2010

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel B. Alweiss daniel.alweiss@doj.ca.gov
M. Van Smith mvsmith@sbcglobal.net
Paul T. Hammerness paul.hammerness@doj.ca.gov

Greg Inloes
114 Sea Ridge Court #F
Aptos, CA 95003

**Dated:  May 3, 2010**                                          **Richard W. Wieking, Clerk**

                                                                  **By:    /s/ JW Chambers           **
                                                                       **Elizabeth Garcia**
                                                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California