UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERRY LYNN ADAMS, | Case No.: 10-CV-00602-LHK |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT; DENYING AS MOOT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| DANIEL L. KRAFT, a State of California Park Ranger, et al., | |
| Defendants. | |

Presently before the Court are various motions filed by both Defendants and Plaintiff. Defendants have moved for judgment on the pleadings and for sanctions. Plaintiff has moved for leave to amend his complaint. The Court will address Defendants' motion for sanctions in a separate Order. Pursuant to Civil Local Rule 7-1(b), the Court deems Plaintiff's motion for leave to amend his complaint and Defendants' motion for judgment on the pleadings appropriate for resolution without oral argument. For the reasons discussed below, the Court GRANTS Plaintiff's motion for leave to amend his complaint, and DENIES AS MOOT Defendants' motion for judgment on the pleadings as to Plaintiff's original complaint.

## I. BACKGROUND

### A. Plaintiff's Initial Complaint

Plaintiff Berry Lynn Adams filed his initial complaint on February 2, 2010 making broad allegations regarding alleged "violations of civil rights" against various State Park Rangers and the

1

State of California. In his complaint, Plaintiff alleges that he is a resident of the City of Aptos, California and has been surf fishing at Seacliff State Park for thirty years. Compl. ¶ 4. According to Plaintiff, Seacliff State Park was formerly patrolled by Santa Cruz County Sherriff's Deputies "without being overbearing," but around 1985, California State Park Rangers began patrolling the Park in an "officious and overbearing" manner. *Id*. at ¶ 6. In a June 22, 2009 interview with a local television station, Plaintiff commented that the State of California could save money by not having State Park Rangers patrol State Parks, and instead have the Parks patrolled by local Sherriff's Deputies. *Id*. at ¶ 7.

In response to his public criticism of the State Park Rangers, Plaintiff alleges that the State Park Rangers singled Plaintiff out for harassment. For example, when a former friend of Plaintiff's, Greg Inloes, falsely complained to State Park Rangers that Plaintiff threatened him with bodily harm, the State Park Rangers did not independently investigate the claim. *Id*. at ¶ 9. Instead, State Park Rangers Daniel L. Kraft, Phillip Hauck, J.I. Stone, Scott Stipes and Chip Bockman arrested Plaintiff on June 24, 2009 for a felony violation based on the alleged criminal threat without talking to any witnesses who were present when Plaintiff allegedly made a threat of physical harm. *Id*. at ¶ 11. Plaintiff alleges that, had the State Park Rangers performed an independent investigation, they would have determined that Inloes was an "unreliable complainant." Plaintiff further alleges that State Park Rangers Daniel L. Kraft and Phillip Hauck used excessive force in the arrest by kicking Plaintiff's right hand and wrist. *Id*. at ¶ 25.

According to Plaintiff's complaint, the Santa Cruz County Superior Court eventually dismissed criminal charges based on, in part, the State Park Rangers' alleged "suppression" of the actual Inloes complaint. *Id*. at ¶ 15. Plaintiff alleges that the "suppressed statement" reveals that even though he may have threatened Inloes, that threat did not rise to the level of a criminal violation. *Id*. at ¶ 16. Thus, Plaintiff alleges that the complaint of threatened bodily harm was a pretext to have Plaintiff restrained from coming to Seacliff State Park and to prevent Plaintiff from further criticism of the State Park Rangers. *Id*. at ¶ 11. Plaintiff also alleges that supervisory officials, State Park Ranger Sergeant K.P. Best and State Park Superintendent Kirk Lingenfelter,

"unlawfully arrested" Plaintiff and did "nothing to prevent selective enforcement of the law." *Id.* at ¶¶ 14, 23.

Further alleged disputes and confrontations are scattered throughout Plaintiff's complaint. According to Plaintiff, State Park Ranger Daniel L. Kraft and State Park Superintendent Kirk Lingenfelter each wrote letters to the Santa Cruz County Office of the District Attorney stating that Plaintiff was an "intimidating presence" and created multiple "public disturbances" at Seacliff State Park. *Id.* at ¶¶ 18-20. Plaintiff alleges that these letters are evidence of a conspiracy to charge him with a pretextual crime and remove him from Seacliff State Park. Plaintiff also alleges that, on July 31, 2009, the State Park Rangers ejected Plaintiff from the State Park beach area for disturbing the peace, even though Plaintiff and witnesses informed the State Park Rangers that Plaintiff had done nothing wrong. *Id.* at ¶¶ 33-36. In addition, Plaintiff alleges that, in the months prior to his arrest on June 24, 2009, the State Park Rangers: 1) issued him a citation (eventually rescinded) for having an open container of alcohol, which Plaintiff submits was root beer; 2) issued him a $44 parking ticket for parking after the State Park was closed, even though other vehicles were not ticketed; and 3) falsely accused Plaintiff of having injured a sea bird. *Id.* at ¶¶ 20-25.

Based on these allegations, Plaintiff's complaint included seven claims: 1) "Violation of Civil Rights" (discussing an "unreasonable seizure"); 2) "Violation of Civil Rights" (discussing "excessive force"); 3) False Arrest; 4) Battery; 5) Violation of California Bane Act; 6) "Violation of Civil Rights"  (discussing an "unreasonable seizure"); and 7) Violation of California Bane Act.

**B. Proposed First Amended Complaint**

On June 9, 2010, prior to the filing of any motion by the current Defendants,[1] Plaintiff's current counsel, Attorney Kate Wells, moved to be substituted as counsel because Plaintiff's former counsel, Attorney M. Van Smith, had serious health issues. The Honorable James Ware granted Plaintiff's motion to substitute counsel on July 19, 2010. *See* Dkt. #53. According to Ms.

---

[1] On May 28, 2010, Former Defendant Greg Inloes moved to dismiss for failure to state a claim. That motion became moot, however, when the Court granted the parties' stipulation to dismiss Defendant Greg Inloes with prejudice. *See* September 23, 2010 Order Granting Stipulation to Dismiss Defendant Greg Inloes With Prejudice [dkt. #64].

3

Case No.: 10-CV-00602-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1   Wells, while awaiting the substitution of counsel order, on July 7, 2010 she informed counsel for

2   Defendants that she agreed with certain aspects of Defendants' positions, and in order to ameliorate

3   the need for Defendants to file a motion for judgment on the pleadings and a motion for sanctions,

4   Plaintiff would provide Defendants' counsel with a proposed first amended complaint by July 30,

5   2010.  *See* Pl.'s Mot. for Leave to File First Am. Compl. at 2-3 [dkt. #68].  Defendants' counsel

6   acknowledges agreeing to a July 30, 2010 deadline for Plaintiff to withdraw or amend his initial

7   complaint in regard to Defendants' not-yet-filed motion for sanctions.  *See* Defs.' Reply to Pl.'s

8   Opp'n by Attorney Wells to Mot. for Sanctions at 3 [dkt. #73] ("Ms. Wells is correct in that the

9   parties agreed on a new deadline of July 30, 2010 to allow plaintiff to withdraw or correct his

10  deficient complaint.").  Defendants, however, filed a motion for judgment on the pleadings as to

11  the initial complaint on July 14, 2010.  Plaintiff's counsel, Ms. Wells, provided Defendants'

12  counsel the proposed First Amended Complaint on July 29, 2010, but did not file the proposed

13  First Amended Complaint with the Court at that time.  On July 30, 2010, Defendants moved for

14  sanctions on the grounds that Plaintiff's original complaint was filed in violation of Rule 11 as to

15  Defendants Superintendent Lingenfelter and Officer Best only.[2]

16       On August 2, 2010, the case was reassigned to this Court.  On October 1, 2010, Defendants

17  re-noticed their motions for judgment on the pleadings and sanctions.  On October 25, 2010,

18  Plaintiff filed a motion for leave to amend his complaint, with the proposed First Amended

19  Complaint ("PFAC") attached as Exhibit 1.  The PFAC reorganizes the complaint into

20  chronological order and would make four primary changes: 1) eliminate claims against the State of

21  California due to Eleventh Amendment immunity; 2) eliminate the battery claim due to immunity;

22  3) add a claim for deliberate indifference/failure to train as to Defendants Superintendent

23  Lingenfelter and Sergeant Best; and 4) add factual allegations and clarify the claims against

---

[2] Although more fully addressed in a separate Order, the gist of Defendants' motion for sanctions is that Defendants Superintendent Lingenfelter and Sergeant Best were not involved with investigating Plaintiff, the decision to arrest Plaintiff, or Plaintiff's ultimate arrest.  Thus, according to Defendants, Plaintiff and Plaintiff's counsel (both Mr. Smith and Ms. Wells) merit sanctions for not dismissing Superintendent Lingenfelter and Sergeant Best from the unreasonable seizure and false arrest claims in Plaintiff's complaint.

4

Case No.: 10-CV-00602-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Superintendent Lingenfelter and Sergeant Best.  The PFAC includes four claims: 1) Violation of Constitutional Rights (based on First, Fourth and Fourteenth Amendment of U.S. Constitution and various provisions of California Constitution); 2) False Arrest; 3) California Bane Act Violations, California Civil Code § 52.1; and 4) Failure to Train / Supervise.

## II. DISCUSSION

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course, either twenty-one days after serving it or within twenty-one days after service of a responsive pleading or a motion under 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may only amend its complaint with the opposing party's permission or with leave from the court.  Fed. R. Civ. P. 15(a)(2).   Here, as the time to amend the complaint as a matter of course has passed, Plaintiff may only amend his complaint with the opposing party's written consent or the court's leave.  Rule 15(a) provides for a policy in favor of leave to amend and states that leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); *DCD Programs, Ltd., v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (noting that leave to amend should be granted with "extreme liberality").  The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  Not all of the factors merit equal weight; it is the consideration of prejudice to the opposing party that carries the greatest weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The non-moving party bears the burden of showing why leave to amend should not be granted.  *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

Defendants do not suggest bad faith, and the Court discerns no bad faith on the part of Plaintiff or Plaintiff's prior and current counsel.  Defendants instead argue that: 1) they spent substantial time and effort in bringing the motions for judgment on the pleadings and sanctions with respect to the original complaint, and will be prejudiced by having to file another motion attacking Plaintiff's PFAC; 2) amendment would be futile because the PFAC has the same defects

5
Case No.: 10-CV-00602-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1  as Plaintiff's original complaint; and 3) if leave to amend is granted, the Court should issue

2  sanctions of attorney's fees and costs for Defendants' efforts at bringing motions for judgment on

3  the pleadings and sanctions.

### A. Prejudice

In order to overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings, the party objecting to leave to amend must establish substantial prejudice. *Genentech*, 127 F.R.D. at 530-31. Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice. *Id.* at 530-32. Examples of substantial prejudice include instances in which amendment would create a need to reopen discovery and in which amendment would greatly alter the nature of the litigation at a late hour in the case. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The Court acknowledges Defendants' efforts in bringing their motions and is sympathetic to Defendants' position that Plaintiff could have amended his complaint earlier. Defendants, however, have not established that allowing leave to amend at this point amounts to substantial prejudice. The case is still at an early stage, as the parties have not engaged in any discovery, and discovery has not yet closed. Moreover, this is Plaintiff's first attempt at amending his complaint. Defendants were on notice as far back as July 7, 2010 that Plaintiff's new counsel intended to file an amended complaint to clarify Plaintiff's claims and add factual allegations. Even though Defendants had agreed to allow Plaintiff until July 30, 2010 to submit an amended complaint, Defendants chose to bring a motion for judgment on the pleadings as to the original complaint on July 14, 2010. Although the Court appreciates Defendants' July 2010 efforts at resolving the alleged deficiencies in Plaintiff's original complaint, it appears that Defendants could have avoided much of the time and effort of which they now complain by simply waiting for the submission of Plaintiff's amended complaint until the agreed-upon deadline of July 30, 2010. At that point, there would have been no need to file motions in response to Plaintiff's original complaint. Defendants could have just attacked the separate allegations in the amended complaint.

6

Case No.: 10-CV-00602-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1   As a final point, even when dismissing a case for failure to state a claim, it is this Court's general practice to allow every plaintiff at least one opportunity to amend.  Thus, the Court is not persuaded by Defendants' argument that it will be prejudiced if leave is granted by having to file another motion attacking the pleading.

**B. Futility**

"[C]ourts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), [however] such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *See Stearns v. Select Comfort Retail Corp.*, 2010 U.S. Dist. LEXIS 84777, *68 (N.D. Cal. July 21, 2010) (Fogel, J.) (citing William W. Schwarzer, et al., CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL § 8:422).  Here, Defendants have not established that allowing leave to amend would be futile.

Defendants, in a four-page opposition to Plaintiff's motion for leave to amend, argue that the PFAC suffers from the same defects as Plaintiff's original complaint identified in Defendants' motion for judgment on the pleadings.  *See* Defs.' Opp'n to Pl.'s Mot. for Leave to Amend at 2 [dkt. #72].  The PFAC, however, appears responsive to many of the alleged "defects" Defendants identified in their motion for judgment on the pleadings.  For example, as to the original complaint, Defendants argued that: 1) many of the claims are subject to immunity; 2) Plaintiff failed to identify a specific substantive right that was violated; and 3) Plaintiff failed to allege any basis for his claims against Superintendent Lingenfelter and Sergeant Best.  *See generally* Defs.' Mot. for J. on the Pleadings [dkt. #51].  The PFAC eliminates various claims based on immunity, specifies substantive rights that have been allegedly violated, and alleges that Superintendent Lingenfelter and Sergeant Best are liable for failing to train and supervise the subordinate Park Rangers.  *See* PFAC ¶¶ 23-32 (specifying First, Fourth and Fourteenth Amendment Violations) and 45-47 (discussing supervisory liability claims against Superintendent Lingenfelter and Sergeant Best).  In these circumstances, the Court finds that the legal sufficiency of Plaintiff's PFAC will be more

7
Case No.: 10-CV-00602-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

appropriately addressed in a motion to dismiss that is directed at the PFAC rather than targeted at Plaintiff's original complaint.

### C. Sanctions

"[A] district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty." *See General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995). Defendants submit that if leave to amend is granted, the Court should impose sanctions of attorney's fees and costs in favor of Defendants as a condition. The Court, however, has determined that Defendants have not established bad faith, substantial prejudice, or futility. Accordingly, sanctions are not appropriate.

### III. CONCLUSION

In sum, the Court finds that leave to amend is appropriate without conditions for sanctions. Accordingly, the Court GRANTS Plaintiff's motion for leave to amend his complaint and DENIES as moot Defendants' motion for judgment on the pleadings as to Plaintiff's original complaint. Plaintiff shall file the proposed First Amended Complaint by Tuesday, December 7, 2010. The motion hearing scheduled for December 2, 2010 is vacated. The Case Management Conference scheduled for December 2, 2010 at 1:30 p.m. remains as set.

**IT IS SO ORDERED.**

Dated: November 30, 2010

_____
LUCY H. KOH
United States District Judge