UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERRY LYNN ADAMS, | Case No.: 10-CV-00602-LHK |
| Plaintiff, | ORDER DENYING MOTION FOR SANCTIONS |
| v. | |
| DANIEL L. KRAFT, a State of California Park Ranger, et al., | |
| Defendants. | |

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging that several State of California Park Rangers violated his civil rights in a series of incidents. Three motions are currently before the court: Plaintiff's motion for leave to amend, Defendants' motion for judgment on the pleadings, and Defendants' motion for sanctions. This Order deals only with the motion for sanctions. The Court addresses Defendants' remaining two motions in a concurrently-filed Order granting Plaintiff's motion for leave to amend and denying as moot Defendants' motion for judgment on the pleadings. Pursuant to Civil Local Rule 7-1(b), the Court deems Defendants' motion for sanctions appropriate for resolution without oral argument. For the reasons discussed below, Defendants' motion for sanctions is DENIED.

# I. BACKGROUND

The Court's concurrently-filed Order granting leave to amend describes the full background of this case. This Order summarizes only the relevant background for purposes of ruling on the motion for sanctions.

Plaintiff's original attorney, M. Van Smith, filed the initial complaint on February 10, 2010. On June 9, 2010, Plaintiff submitted a motion to substitute Attorney Kate Wells in for Smith. Dkt. No. 42. The Honorable James Ware granted this substitution on July 19, 2010. Dkt. No. 53. While the motion to substitute counsel was pending, Ms. Wells informed Defendants' counsel that she intended to file a motion to amend the complaint to address aspects of the complaint addressed in Defendants' yet-to-be-filed motions for sanctions and for judgment on the pleadings. *See* Pl.'s Opp'n to Mot. for Sanctions at 1-2 [Dkt. #70]. Defendants served their motion for sanctions on June 25, 2010, but had not yet filed it with the Court. Dkt. No. 55, Ex. G. The parties agreed on a deadline of July 30, 2010 for Plaintiff to prepare a Proposed First Amended Complaint for Defendants' review. Decl. of Kate Wells at ¶ 5 [Dkt. #70]. Despite that agreement, Defendants filed the motion for judgment on the pleadings on July 14, 2010, but waited until July 30, 2010 to file the motion for sanctions. Dkt. Nos. 51, 55. Plaintiff had sent a Proposed First Amended Complaint to Defendant on July 29, 2010.

Defendants' motion for sanctions addresses only the parts of the complaint related to Defendants Superintendent Kirk Lingenfelter and Sergeant K.P. Best. *See* Defs.' Mot. for Sanctions at 1 [Dkt. #55]. Plaintiff's complaint alleges an agreement between Superintendent Lingenfelter, Sergeant Best, and the other State Park Ranger Defendants to falsely charge Plaintiff with a crime based on an alleged threat of physical harm directed against Plaintiff's former friend, Greg Inloes. *See* Compl. at ¶¶ 14-17 [Dkt. #1], Proposed First Am. Compl. ("PFAC") at ¶ 19 [Dkt. #68]. Plaintiff alleges that the State Park Rangers singled Plaintiff out for harassment based on his public criticism of the State Park Rangers. Plaintiff also alleges that Superintendent Lingenfelter and Sergeant Best wrote letters to the Santa Cruz County District Attorney stating that Plaintiff was a "intimidating presence" and created multiple "public disturbances." Compl. at ¶¶ 19-21, PFAC at ¶¶ 6, 21. Plaintiff alleges that Superintendent Lingenfelter failed to prevent

2

1   selective enforcement of the law against Plaintiff by the other Defendants in this case. Compl. at
2   ¶ 23, PFAC at ¶ 8. Finally, Plaintiff's original complaint claimed unlawful arrest by several of the
3   Defendants, including Superintendent Lingenfelter and Sergeant Best. Compl. at ¶ 30. In the
4   PFAC, Plaintiff's counsel attempts to clarify this allegation by alleging that Superintendent
5   Lingenfelter and Sergeant Best were involved in a supervisory capacity, and further alleging that
6   they failed to train and supervise the other defendants appropriately. PFAC at ¶¶ 35, 45-47.

## II. LEGAL FRAMEWORK

"Rule 11 requires the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992). "The central purpose of Rule 11 is to deter baseless filings . . . [and] Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for some improper purpose." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). An "improper purpose" is a purpose to "harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1). The test for improper purpose is an objective one. *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

Courts also use an objective standard to address the other conditions for Rule 11 sanctions by looking to whether a reasonable basis for the challenged position existed in law and fact at the time the position was adopted. *Conn*, 967 F.2d at 1421; *see also Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 554 (1991) (establishing the "objective standard of reasonable inquiry" imposed by Rule 11). In determining whether an objectively reasonable basis exists, whether the pleader is correct in his perception of the law is not critical. *Conn*, 967 F.2d at 1421. Thus, if a court finds that counsel made a reasonably arguable claim at the time of filing the complaint, it should not apply Rule 11 sanctions.

3

Case No.: 10-CV-00602-LHK
ORDER DENYING MOTION FOR SANCTIONS

### III. DISCUSSION

Defendants argue that the complaint's claims against Defendants Superintendent Lingenfelter and Sergeant Best: 1) lack evidentiary support; 2) are not warranted by existing law; and 3) were filed for an improper purpose. *See* Defs.' Mot. for Sanctions at 1. Defendants seek sanctions against Plaintiff personally, as well as against both his counsel, Attorneys Smith and Wells. *Id*.

The Court does not agree that the alleged deficiencies of the complaint rise to the level of sanctions, especially considering that Rule 11 is an "extraordinary remedy . . . to be exercised with extreme caution." *See Conn*, 967 F.2d at 1421; *see also Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1159 (9th Cir. 1987) ("ultimate failure on the merits" is irrelevant in a Rule 11 sanctions inquiry). Although Plaintiff's original complaint is poorly organized and confusing at points, it does allege that Superintendent Lingenfelter and Sergeant Best were either involved with or knew of at least some of the ongoing activities allegedly in violation of Plaintiff's civil rights, and failed to prevent them. Compl. at ¶¶ 14-17, 19-21, 23. Although there is no respondeat superior liability under § 1983, supervisors may still be liable for failing to prevent certain unlawful conduct. *See Preschooler II v. Clark County Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (finding supervisory liability where the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them" despite also holding that there is no respondeat superior liability under § 1983) (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)). Interpreted in the light most favorable to Plaintiff, the original complaint does seem to allege a legally cognizable theory of supervisory liability.

On July 7, 2010, Plaintiff's counsel, Ms. Wells, notified Defendants' counsel that Plaintiff would amend his complaint to clarify the exact allegations Defendants' claimed were insufficient as to Defendants Superintendent Lingenfelter and Sergeant Best. The PFAC clarifies that Plaintiff's claims against Superintendent Lingenfelter and Sergeant Best are based on their failure to prevent unlawful conduct and failure to train and supervise the subordinate State Park Rangers. *See* PFAC at ¶¶ 45-47 (clarifying claims against Superintendent Lingenfelter and Sergeant Best). Even though Defendants had agreed to allow Plaintiff until July 30, 2010 to submit an amended

4

Case No.: 10-CV-00602-LHK
ORDER DENYING MOTION FOR SANCTIONS

complaint, Defendants still chose to bring a motion for judgment on the pleadings as to the original complaint on July 14, 2010.  While Defendants have made clear that they disagree with Plaintiff on the facts of the case, Plaintiff's original complaint is not so "devoid of any plausible foundation" that it rises to the level of sanctions.  *Hudson*, 836 F.2d at 1161.  At worst, Plaintiff may have failed to state a claim.[1]

Thus, the Court finds that the actions of Plaintiff and his counsel do not merit the heavy hammer of sanctions.  Rather, the potential deficiencies highlighted by Defendants are more appropriately raised in a motion to dismiss.

### IV.  CONCLUSION

Accordingly, Defendants' motion for sanctions is DENIED.  The December 2, 2010 hearing on Defendants' motion for sanctions is vacated.  The Case Management Conference scheduled for December 2, 2010 at 1:30 p.m. remains as set.

**IT IS SO ORDERED.**

Dated: November 30, 2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] The Court will not rule on the legal sufficiency of Plaintiff's PFAC at this stage.  As stated in the Court's Order granting Plaintiff's motion for leave to amend his complaint, the legal sufficiency of Plaintiff's PFAC will be "more appropriately raised in a motion to dismiss."  *See Stearns v. Select Comfort Retail Corp.*, 2010 U.S. Dist. LEXIS 84777, *68 (N.D. Cal. July 21, 2010) (Fogel, J.) (citing William W. Schwarzer, et al., CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL § 8:422).

5
Case No.: 10-CV-00602-LHK
ORDER DENYING MOTION FOR SANCTIONS