**United States District Court**
For the Northern District of California

1

2                                                    **\*E-FILED 04-21-2011\***

3

4

5

6

7                            NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11   BERRY LYNN ADAMS,                        No. C10-00602 LHK (HRL)

12              Plaintiff,                     **ORDER (1) GRANTING IN PART AND
                                               DENYING IN PART DEFENDANT'S**
13        v.                                   **MOTION TO COMPEL; AND (2)
                                               DENYING DEFENDANTS' MOTION**
14   DANIEL L. KRAFT; PHILLIP HAUCK; KIRK      **FOR SANCTIONS**
     LINGENFELTER; K.P. BEST; J.I. STONE;
15   CHIP BOCKMAN; R. CALLISON; and SCOTT      **[Re:  Docket Nos. 98 and 100]**
     SIPES,
16
                Defendants.
17   _____/

18        Defendants move for an order compelling plaintiff to respond to their discovery

19   requests.  They also move for sanctions.  Plaintiff opposes the motions.  These matters are

20   deemed appropriate for determination without oral argument, and the April 26, 2011 hearings

21   are vacated.  Civ. L.R. 7-1(b).  Upon consideration of the moving and responding papers, this

22   court grants in part and denies in part defendants' motion to compel and denies their motion for

23   sanctions.

24        Defendants first propounded interrogatories and requests for production on plaintiff in

25   September 2010, then re-propounded those requests in December 2010 and January 2011

26   (modified to reflect the allegations of plaintiff's First Amended Complaint).  Defendants

27   granted plaintiff several extensions of time to serve his discovery responses, with the final

28   deadlines for plaintiff's responses being March 16 and March 18, 2011.  When plaintiff failed to

serve his discovery responses by those dates, defendants filed the instant motion to compel and motion for sanctions. They request an order requiring plaintiff to answer their interrogatories and produce all responsive documents without objection. They also request that plaintiff and his attorney be ordered to reimburse defendants for the fees and costs incurred in bringing the instant motions, as well as their motion for an order shortening time.

The failure to timely respond to a discovery request constitutes a waiver of any objection. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992). Nevertheless, courts have broad discretion to grant relief, on a case-by-case basis, from any such waiver upon a showing of good cause. See Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D. D.C. 1999).

Plaintiff says that he was justified in not serving his discovery responses by the due dates because (1) on March 8, 2011, Judge Koh issued an order granting in part and denying in part defendants' motion to dismiss his First Amended Complaint (FAC), with leave to amend as to some claims; (2) defendants filed the instant motions some two weeks later, knowing that plaintiff would be filing a Second Amended Complaint (SAC); (3) plaintiff's SAC was filed on April 7, 2011; and (4) plaintiff does not yet know whether defendants will answer the complaint. In other words, plaintiff argues that defendants' motions should be denied because the requests at issue were, in his view, prematurely served and were, in any event, mooted by the filing of the SAC. He further contends that he should be excused from responding to any discovery until after defendants file an answer.

Although plaintiff has now filed his SAC, the essence of plaintiff's allegations appear to be the same. That is, he alleges various constitutional violations of his First, Fourth and Fourteenth Amendment rights, including false arrest, excessive force, and unlawful search. And, although defendants have not submitted to this court copies of their discovery requests, it seems likely that the requests would encompass information pertinent to plaintiff's current allegations, notwithstanding that they might reference allegations that were asserted in his FAC. More to the point, plaintiff's arguments to this court essentially are the same request for relief that Judge Koh has denied—once, reportedly at the December 2010 case management

2

conference,[1] and again more recently—with prejudice—in her March 22, 2011 order denying

plaintiff's motion for protective order.  (See Docket No. 101).

Nevertheless, to the extent the subject discovery requests pertain solely to claims that

either (1) have been dismissed with prejudice or (2) have not been revived in the SAC,

defendants' motion to compel is denied.  Their motion to compel otherwise is granted as

follows:   Within ten days from the date of this order, and to the extent he has not already done

so,[2] plaintiff shall answer defendants' interrogatories and produce all responsive documents

without objection.  To the extent plaintiff believes that any discovery response or document

produced legitimately implicates his privacy interests, he shall produce that information; but, he

may designate the information pursuant to a suitable protective order, notwithstanding his

waiver of objections.

As for defendants' motion for sanctions, this court finds that defendants have not been

seriously prejudiced by plaintiff's delay in serving his discovery responses.  Defendants say that

they wanted to secure the subject discovery before the parties' scheduled April 28, 2011

mediation.  The record, however, indicates that defendants repeatedly extended the deadlines

for plaintiff's responses—including, on more than one occasion, on a unilateral basis after

plaintiff's responses were overdue—even when defendants believed that further extensions

---

[1]        Defendants say that, at the December 2, 2010 case management conference, they specifically advised the court that they would move to dismiss plaintiff's then soon-to-be filed First Amended Complaint (FAC) and requested a discovery stay on that basis. Plaintiff contends that defendants did not, at that time, make it clear to the court that they intended to move for dismissal.  He believes that the court declined to stay discovery at that time on the assumption that defendants would answer his FAC.  Suffice to say that Judge Koh has made it clear in her March 22, 2011 order denying plaintiff's motion for protective order that she disfavors any discovery stay.

[2]        While the instant motions were being briefed, plaintiff reportedly served responses to some of defendants' discovery requests.  Defendants say that plaintiff has yet to respond to discovery requests from Best, Stone, Callison, and Sipes.  They also argue that the responses that have been produced are deficient.  The sufficiency of plaintiff's responses, however, are not before the court on the instant motion.

United States District Court

For the Northern District of California

3

were not warranted.  Accordingly, defendants' motion for sanctions is denied.

SO ORDERED.

Dated:     April 21, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1    5:10-cv-00602-LHK Notice has been electronically mailed to:

2    Daniel B. Alweiss      daniel.alweiss@doj.ca.gov, sobalvarro.blanca@doj.ca.gov,
     tyler.pon@doj.ca.gov, yebonya.collins@doj.ca.gov

3
     Kathleen Wells      lioness@got.net

4

5    Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California