UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERRY LYNN ADAMS,<br><br>   Plaintiff,<br>v.<br><br>DANIEL L. KRAFT, a State of California Park Ranger, et al.,<br><br>   Defendants. | Case No.: 10-CV-00602-LHK<br><br>ORDER DENYING PLAINTIFF'S EMERGENCY REQUEST FOR LEAVE TO FILE MOTIONS IN LIMINE AND OPPOSITIONS TO DEFENDANTS' MOTIONS IN LIMINE |

Presently before the Court is Plaintiff, Berry Lynn Adams's, emergency request for leave to file his motions in limine and oppositions to Defendants' motions in limine ("Emergency Request"). ECF No. 190. Defendants have filed an opposition to Plaintiff's request. ECF No. 191. Pursuant to Civil Local Rule 7-11(c), the matter is deemed submitted, without a reply or a hearing.

Plaintiff filed his initial complaint on February 2, 2010. ECF No. 1. On December 2, 2010, the Court set the trial to begin on November 14, 2011 at 9:00 a.m. ECF No. 79. Plaintiff has requested several extensions of time to file various motions and oppositions, and to reset the trial date. The Court has attempted to accommodate such requests when doing so is reasonable and would not unduly prejudice Defendants. For example, on August 22, 2011, counsel for Plaintiff requested an extension of time to file an opposition to Defendants' Motion for Summary Judgment because of an illness in her family and because her paralegal was leaving. The Court granted the

1

extension and continued the September 15, 2011 hearing on that motion to October 20, 2011. ECF No. 130. On October 26, 2011, Plaintiff's counsel filed a motion requesting an extension of time to file motions in limine, and extending the time to file responses to Defendants' motions in limine, again because of the same illness in her family and because her paralegal had left. ECF No. 148. The same day, the Court granted Plaintiff a one-day extension to file Plaintiff's motions in limine. ECF No. 161. In that Order, the Court noted that it would not reschedule the pretrial conference set for November 7, 2011, or the trial set to begin on November 14, 2011.

The next day, however, Plaintiff filed a Request for an Order Postponing the Trial Date, supported by a declaration by Plaintiff's counsel providing greater detail about her family medical circumstances. The Court granted Plaintiff's request to postpone the trial, granting a continuance from November 14, 2011, to January 3, 2012. ECF No. 163. In that Order, the parties were reminded that they are required to comply with the Court's Standing Order governing Final Pretrial Conferences in Jury Trials ("Pretrial Standing Order"); that motions in limine are due no later than 14 days before the pretrial conference; and that responses to motions in limine will be due no later than 10 days before the final pretrial conference. ECF No. 163 at 2. Finally, the Court indicated that it would not grant any further requests for extension, and that should Plaintiff's counsel find herself unable to comply with future deadlines, she should timely file a motion to substitute counsel so that the case proceeds in accordance with the case schedule. *Id.*

On December 7, 2011, Plaintiff's counsel indicated that she was unprepared to begin trial on January 3, 2012, despite the fact that the case was almost two years old at that time. ECF No. 173. Accordingly, the Court reset the trial schedule. The current trial date is May 7, 2012, and the final pre-trial conference is set for April 26, 2012.

Pursuant to this Court's Pretrial Standing Order, motions in limine are due no later than 14 days before the pre-trial conference, and responses to motions in limine are due no later than 10 days before the pre-trial conference. Based on the April 26, 2012 pre-trial conference, the parties' motions in limine were due on April 12, 2012, and responses to motions in limine were due April 16, 2012. Defendants filed eight motions in limine on April 12, 2012. Plaintiff filed no motions in

1    limine by the April 12 deadline, and filed no responses to Defendants' motions in limine by the
2    April 16 deadline.
3          Instead, on April 18, 2012 Plaintiff's counsel contacted the undersigned judge's law clerk,
4    seeking leave to file motions in limine and responses to Defendants' motions in limine despite the
5    deadlines set in the Pretrial Standing Order. Plaintiff was instructed to file a motion, instead of
6    attempting an ex parte communication, which is prohibited by the Civil Local Rules. *See* Civ. L.
7    R. 11-4(c) ("[A]ttorneys or parties to any action must refrain from making telephone calls or
8    writing letters or sending copies of communications between counsel to the assigned Judge or the
9    Judge's law clerks or otherwise communicating with a Judge or the Judge's staff regarding a
10   pending matter, without prior notice to opposing counsel."). On the same day, Plaintiff filed a
11   motion seeking leave to file motions in limine, and to file oppositions to Defendants' motions in
12   limine. As an excuse, Plaintiff contends that she has been ill and has suffered recent computer
13   problems.
14         Plaintiff, without authorization from the Court, filed three motions in limine (ECF Nos.
15   193, 194, and 196) on April 19, 2012, a week after the motions were due. Plaintiff also, without
16   authorization from the Court, filed responses to seven of Defendants' motions in limine (ECF Nos.
17   200-206) on April 20, 2012, several days after the oppositions were due.
18         As a preliminary matter, the Court is skeptical of Plaintiff's counsel's excuses for her
19   failure to comply with the deadlines for motions in limine. For one, Defendants have provided
20   evidence that despite her illness, Plaintiffs' counsel appeared in court in San Mateo on another
21   matter on the day the motions in limine were due. *See* Opposition to Emergency Motion, Ex. 1,
22   ECF No. 191. Additionally, Plaintiff's counsel's computer issues are dubious, given that she was
23   able to send an e-mail to opposing counsel with proposed jury instructions on the same day
24   Plaintiff's oppositions to Defendants' motions in limine were due. *See id.*; Emergency Request at
25   2. Additionally, Plaintiff's counsel was reminded of the pretrial deadlines in the Court's October
26   26, 2011 Order. ECF No. 163. Plaintiff's counsel has not explained why she waited until two days
27   after all the filings were due to seek an extension from the Court. Finally, Defendants filed
28   motions in limine in October 2011 (that were later withdrawn because of the trial continuances

3

Case No.: 10-CV-00602-LHK
ORDER DENYING PLAINTIFF'S EMERGENCY REQUEST

discussed above), that were substantially similar to the motions that Defendants filed in April 2012. Thus, Plaintiff has been on notice of Defendants' motions in limine since October 2011. Given these facts, Plaintiff's excuses simply are not adequate.

Under other circumstances, the Court might be willing to grant an extension. However, Plaintiff's counsel's actions described above establish a pattern of delay that has kept this case, which is almost two-and-a-half years old, from reaching resolution. Moreover, granting Plaintiff's request would unduly prejudice Defendants, who would have little time to respond to Plaintiffs' motions in limine before the April 26, 2012 pre-trial conference. Moreover, Plaintiff's request gives the Court little time to consider the motions before the April 26, 2012 pre-trial conference. For these reasons, Plaintiff's motion is DENIED. As a result, the Court also STRIKES Plaintiff's late filed motions in limine (ECF Nos. 193, 194, and 196), and Plaintiff's late filed oppositions to Defendants' motions in limine (ECF Nos. 200-206).

**IT IS SO ORDERED.**

Dated: April 23, 2012

LUCY H. KOH
United States District Judge