KAMALA D. HARRIS
Attorney General of California
JOHN P. DEVINE
Supervising Deputy Attorney General
DANIEL B. ALWEISS (SBN 191560)
HARRY T. GOWER, III (SBN 170784)
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-1276
 Fax: (415) 703-5480
 E-mail: Daniel.Alweiss@doj.ca.gov
*Attorneys for Defendants Kraft, Hauck and Best*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERRY LYNN ADAMS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL L. KRAFT, PHILLIP HAUCK, KIRK LINGENFELTER, K. P. BEST, J. I. STONE, CHIP BOCKMAN, R. CALLISON, SCOTT SIPES,<br><br>　　　　　　　　　　　　Defendants. | 5:10-CV-00602-LHK<br><br>**STIPULATION AND ORDER RE: FACTS AND EXHIBITS**<br><br>Trial Date:　　May 7, 2012 |

　　　　Pursuant to the court's order at the May 3, 2012 Pretrial Conference, the parties stipulate to the following facts, and stipulate to the admissibility of the following exhibits.

## Stipulated Facts

　　　　a.　　On February 14, 2008, defendant Best cited the plaintiff for having an open container of beer in violation of a County Code prohibiting open alcohol containers.

　　　　b.　　A day or two later, defendant Best rescinded the citation he had issued to the plaintiff for having an open container of beer in violation of a County Code prohibiting open alcohol containers.

1

d.1. During the ride to jail, the plaintiff said: "You know my hands are really going numb."

c. In early June, 2009, the plaintiff complained to Park Superintendent Lingenfelter because State Park Rangers contacted him about complaints of disturbances.

d. In response to the plaintiff's complaint, Superintendent Lingenfelter left him a voicemail message explaining that law enforcement contacts with him were justified based on complaints where the plaintiff matched the reporting parties' descriptions of the suspect.

e. The plaintiff did not complain of any wrist injury or pain to the intake officer at the County jail after his arrest on June 24, 2009.

f. The nurse who evaluated the plaintiff at the County jail examined the plaintiff's hands and wrists and did not note any injury to the plaintiff in any manner, and did not note the plaintiff complained of any wrist injury or pain after his arrest on June 24, 2009.

g. The plaintiff did not have any visible injury to his hands or wrists when he was evaluated by a nurse at the County jail after his arrest on June 24, 2009.

h. The only physical injury the plaintiff claims in this lawsuit is injury to his right wrist from allegedly being kicked, and pain caused by handcuffing after his arrest on June 24, 2009.

### Exhibits Stipulated to Be Admissible at Trial

a. Time sheets for Ronald Callison and Dan Kraft.

b. Certified copy of Santa Cruz County 911-Emergency Dispatch Report, from emergency call by Greg Inloes on June 22, 2009.

c. Certified copy of Santa Cruz County Jail booking sheet for Adams's jail intake on June 24, 2009.

d. Santa Cruz County Jail Intake Health Screening form for the jail intake of Berry Adams, on June 24, 2009.

e. Santa Cruz County Jail Nurse Intake Evaluation form for Berry Adams, on June 24, 2009.

f. Rescinded citation for alcohol possession dated "2/15/07," number 647696.

g. Adams' complaint letter to Lingenfelter.

h. Lingenfelter letter to D.A. requesting a stay away order for Adams.

i. Lingenfelter letter to Adams re: Adams' complaints.

1  j. Video of incident on June 24, 2009.

2  k. Tape recording of Adams' arrest after he was placed in police car.

3  l. Video of interview with Fox News on June 22, 2009.

4  m. Nine-page hand written account from Inloes.

5  n. Inloes letter stating that the written account was solicited from the Rangers.

6  o. Knives/blades.

7  -The Buck knife with a 3.5" blade Adams wore on the right side of his belt, on the afternoon of June 24, 2009 when Officer Hauck first made contact with him.

9  -The Gerber utility tool with a 3" blade Adams wore on the left side of your belt, on the afternoon of June 24, 2009, when Officer Hauck first made contact with him.

11 p. Transcription of first audio recording of statements made by witness Inloes to Defendants on June 24, 2009, at approximately 12:30 p.m.

13 q. Transcription of second audio recording of statements made by witness Inloes to Defendants on June 24, 2009, at approximately 2:06 p.m.

15 r. Transcription of audio recording of statements made by Adams to Defendants on June 24, 2009, after his arrest.

17 s. Compact disc of audio records of previous three recordings.

18 t. Adams's written response to Special Interrogatories from Kraft, Hauck and Best.

19 u. Adams's response to Request for Production of Documents from Kraft, Hauck and Best, and the documents produced.

21 v. Transcript of conversation between defendant Kraft and plaintiff Adams on June 25, 2009.

23 w. Excerpts from POST Learning Domain 20.

24 x. Excerpts from POST Learning Domain 33.

25 y. Criminal complaint, Case No. M49450.

26 ///

27 ///

28

1     z.    Public Safety Report 292016706.

2     aa.   Public Safety Report 292012642.

3     bb.   Supplemental Report 292012624

Dated: May 4, 2012            Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JOHN P. DEVINE
Supervising Deputy Attorney General

_____/s/_____
DANIEL B. ALWEISS
Deputy Attorney General
*Attorneys for Defendants Kraft, Hauck and Best*

Dated: May 4, 2012            Respectfully Submitted,

LAW OFFICE OF KATE WELLS

_____/s/_____
KATE WELLS
*Attorney for Plaintiff Berry Lynn Adams*

### ORDER

Pursuant to the stipulation of the parties, IT IS ORDERED that the facts stated above are deemed established in this action, and the jurors must accept them as true. IT IS FURTHER ORDERED that the exhibits listed above are admissible at trial.

IT IS SO ORDERED.

Dated: May 8, 2012

*[signature]*
UNITED STATES DISTRICT JUDGE