United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERRY LYNN ADAMS,                              ) | |
|                    Plaintiff,                  ) | |
|                                                ) | |
|         v.                                     ) | No.: 5:10-CV-00602 LHK |
|                                                ) | |
| DANIEL KRAFT, PHILIP HAUCK,                    ) | |
| and K. P. BEST,                                ) | |
|                                                ) | |
|                    Defendants.                 ) | |
|                                                ) | |

**FINAL JURY INSTRUCTIONS**

Dated: May 14, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

1

United States District Court
For the Northern District of California

1

### 1.1C DUTY OF JURY

2    Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct

3 you as to the law of the case.

4    Each of you has received a copy of these instructions that you may take with you to the jury

5 room to consult during your deliberations.

6    You must not infer from these instructions or from anything I may say or do as indicating

7 that I have an opinion regarding the evidence or what your verdict should be.

8    It is your duty to find the facts from all the evidence in the case. To those facts you will

9 apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

10 with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

11 prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

12 you.  You will recall that you took an oath to do so.

13    In following my instructions, you must follow all of them and not single out some and

14 ignore others; they are all important.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**1.2 CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Berry Adams, makes three claims in this lawsuit:

(1) The plaintiff claims that State Park Rangers Daniel Kraft and Philip Hauck falsely arrested him in violation of the Fourth Amendment to the Constitution;

(2) The plaintiff claims that State Park Rangers Daniel Kraft and Philip Hauck used excessive force in arresting him in violation of the Fourth Amendment to the Constitution; and

(3) The plaintiff claims that State Park Rangers Daniel Kraft and Kevin Best retaliated against him because he exercised his First Amendment right to free speech.

The plaintiff has the burden of proving his claims.

The defendants deny all the plaintiff's claims. The defendants contend that they had probable cause to arrest plaintiff, that they did not use excessive force in arresting him, and that they did not retaliate against him for exercising his right to free speech.

**1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

4

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**1.5 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

United States District Court
For the Northern District of California

## 1.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the lawyers have agreed.

United States District Court
For the Northern District of California

6

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

## 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**1.10 RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**1.11 CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

United States District Court
For the Northern District of California

**2.2 STIPULATIONS OF FACT**

The parties have agreed to certain facts to be placed in evidence as Exhibit 1.  You should therefore treat these facts as having been proved.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

United States District Court
For the Northern District of California

**2.5 TRANSCRIPT OF TAPE RECORDING**

You have listened to tape recordings that have been received in evidence. You heard about, but were never given transcripts of the recordings. Bear in mind that the tape recordings are the evidence, not the transcripts. If you heard something different in the recordings from what you heard was in the transcripts, what you heard is controlling.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

## 2.11 EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**United States District Court**
For the Northern District of California

**9.1 SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

The plaintiff brings his claims under the federal statute, 42 U.S.C. section 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**9.2 SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—
ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his section 1983 claim against the defendants Daniel K. Kraft, Philip Hauck, and K.P. Best, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the defendant acted under color of law; and

2.      the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instructions 9.10, 9.18, 9.20, and 9.22, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

United States District Court
For the Northern District of California

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**9.10 PARTICULAR RIGHTS—FIRST AMENDMENT—"CITIZEN" PLAINTIFF**

As previously explained, the plaintiff has the burden to prove that the acts of the defendants Daniel Kraft and K.P. Best deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges the defendants Daniel Kraft and K.P. Best deprived him of his rights under the First Amendment to the Constitution to be free from retaliation for the exercise of his protected speech when they: (1) illegally searched him on June 15, 2008; (2) arrested him on June 24, 2009; (3) used excessive force to make the June 24, 2009 arrest; (4) attempted to obtain a "stay away" order against him; and (5) withheld exculpatory evidence.

Under the First Amendment, a citizen has the right to free expression and to petition the government for redress of his grievances.  In order to prove the defendants deprived the plaintiff of this First Amendment right, the plaintiff must prove the following elements by a preponderance of the evidence:

1. The plaintiff engaged in activity that is constitutionally protected;

2. As a result, he was subjected to any one or all of the adverse actions listed above by the defendants that would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3. There was a substantial causal relationship between the plaintiff's constitutionally protected activity and the adverse action.

Even if you find that there was probable cause for the June 24, 2009 arrest, it is a violation of Plaintiff's First Amendment Rights if the arrest was motivated by the officers' intent to retaliate against him for the exercise of speech protected by the First Amendment.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**9.18 PARTICULAR RIGHTS—FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON—GENERALLY**

As previously explained, the plaintiff has the burden to prove that the acts of the defendants Daniel Kraft and Philip Hauck deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when the defendants arrested him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove the defendants deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following elements by a preponderance of the evidence:

1. The defendants seized the plaintiff's person;

2. In seizing the plaintiff's person, the defendants acted intentionally; and

3. The seizure was unreasonable.

The parties have stipulated that the defendants seized the plaintiff's person, and that the defendants acted intentionally.  Therefore, you must decide whether the defendants' seizure of the plaintiff was unreasonable.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**United States District Court**
For the Northern District of California

## 9.20 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE

## SEIZURE OF PERSON—PROBABLE CAUSE ARREST

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the plaintiff has committed or was committing a crime. In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under California law, specifically Penal Code section 422, a person commits a crime when that person willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety . . . .

Also under California law, specifically Penal Code section 148, it is a crime for a person to willfully resist, delay, or obstruct a peace officer in the discharge or attempted discharge of the officer's duty.

18

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**9.22 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest.  Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officers used excessive force when arresting plaintiff.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1.      The severity of the crime or other circumstances to which the officers were responding;

2.      Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3.      Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.      The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary; and

5.      The type and amount of force used.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**United States District Court**
For the Northern District of California

**5.1 DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of his claims, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider:

1.  The nature and extent of the injuries;

2.  The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

3.  The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; and

4.  The reasonable value of necessary medical care, treatment, and services received to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**5.3 DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.   that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.   the amount by which damages would have been mitigated.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

# 5.5 PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**5.6 NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

### 3.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

**3.2 COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK

### 3.3 RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

FINAL JURY INSTRUCTIONS
5:10-CV-00602 LHK